a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRIS WALKER,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-1221-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Chris Walker ("Walker") (#29622-034). Walker is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Walker challenges the legality of his sentence imposed in the United States District Court for the Eastern District of Louisiana.

Because Walker cannot meet the requirements of the savings clause of 28 U.S.C. § 2255(e), his petition should be dismissed for lack of jurisdiction.

I. Background

Following a guilty plea, Walker was convicted of conspiracy to distribute and possess with the intent to distribute cocaine base, cocaine hydrochloride, and marijuana; possession with the intent to distribute cocaine base, cocaine hydrochloride, and marijuana; being a felon in possession of a firearm; conspiracy to murder a federal agent; and solicitation to murder a federal witness. (Docket No. 2:05-cr-297, E.D. La.; Doc. 219). Walker was sentenced to life imprisonment under

21 U.S.C. § 841. United States v. Walker, 294 F. App'x 121 (5th Cir. 2008). Walker's conviction and sentence were affirmed on appeal. Id.

Walker filed a motion to vacate pursuant to § 2255, alleging that his guilty plea was involuntary because counsel erroneously advised him that his co-conspirator would testify against him and erroneously advised him regarding the applicability of a sentencing enhancement under 21 U.S.C. § 841. Walker further claimed that the district court erred in failing to conduct an evidentiary hearing to determine whether his guilty plea was voluntary. Finally, raising the issue of ineffective assistance of counsel, Walker argued that his counsel failed to assert his speedy trial rights, failed to move to suppress evidence seized from his coconspirator, failed to effectively engage in plea negotiations, and failed to challenge the sentencing disparity between powder and crack cocaine offenses of cocaine base with intent to distribute. United States v. Walker, 05-297, 2011 WL 1752253 (E.D. La. May 9, 2011). Walker's motion for certificate of appealability was denied. (Docket No. 11-30644, 5th Cir. 6/8/12).

Walker filed a petition for writ of habeas corpus pursuant to § 2241, claiming that he was improperly enhanced under Mathis v. United States, 136 S.Ct. 2243 (2016).

II. Law and Analysis

    A. Walker does not meet the requirements of the savings clause.

Walker seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452

(5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

Walker's § 2241 petition relies on Mathis. However, Mathis does not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); Jenkins v. Harmon, 736 F. App'x 73 (5th Cir. 2018). In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if

3

the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Because Walker has not identified a retroactively applicable Supreme Court decision, he cannot meet the requirements of the savings clause of § 2255(e). Therefore, this Court lacks jurisdiction to consider the merits of Walker's claim.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Walker's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Walker's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of December, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge